¶ 31 I respectfully dissent from the majority's judgment and opinion. The majority holds that the four-year statute of limitations per R.C. 2305.09, rather than the two-year statute of limitations per R.C.1707.43, is applicable to the case at bar. In reaching this result, the majority concludes that because no securities were actually purchased or sold, appellants' recovery, if any, is not based upon a violation of R.C. Chapter 1707. For the reasons that follow, I respectfully disagree.
 {¶ 32} R.C. 1707.01(J) defines "fraud," "fraudulent," "fraudulent acts," "fraudulent practices," or "fraudulent transactions," as "anything recognized * * * as such in courts of law or equity; any device, scheme, or artifice to defraud or to obtain money or property by means of any false pretense, representation, or promise; any fictitious or pretendedpurchase or sale of securities; and any act, practice, transaction, or course of business relating to the purchase or sale of securities that is fraudulent or that has operated or would operate as a fraud upon the seller or purchaser." (Emphasis added.) When read in conjunction with R.C. 1707.44(M)(1)(b), which provides that no investment advisor or investment advisor representative shall "[e]ngage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person[,]" it is obvious that the General Assembly intended to include the type of conduct at issue in this case under Ohio's Blue Sky Law.
 {¶ 33} The fact that no securities actually existed here is irrelevant to the question of whether appellee violated R.C. Chapter 1707. Rather, by persuading appellants to give him money to invest in nonexistent securities, which money he then converted for his own use, appellee clearly engaged in the "fictitious or pretended purchase or sale of securities[.]" The majority's reliance on Ferritto is misplaced as I would respectfully suggest that Ferritto is bad law for the reasons stated in this dissent.
 {¶ 34} It is evident in the instant matter that appellants' claims are either based upon or arose out of a violation of Ohio's Blue Sky Law. Therefore, I would affirm the judgment of the trial court because appellants did not file their complaint within the applicable two-year statute of limitations.